Mark E. Schlude, et al. [1] v. Commissioner. Schlude v. Commissioner
Docket Nos. 69591-69593.
United States Tax Court
T.C. Memo 1963-307; 1963 Tax Ct. Memo LEXIS 39; 22 T.C.M. (CCH) 1617; T.C.M. (RIA) 63307; November 20, 1963
*39 On remand by the United States Court of Appeals for the Eighth Circuit, following a decision of the United States Supreme Court, petitioners filed a motion for a further hearing. This motion concerns a redetermination of deficiencies resulting from the inclusion in gross income of amounts payable for dancing lessons under contracts where the lessons had not yet been given and where the amounts were not due and payable in the taxable periods involved. Held, said motion is granted. Held, further, that petitioner's motion to set these proceedings for further hearing to permit the raising of the issue and the hearing of evidence thereon as to the fair market value of negotiable notes taken from students in part payment for dancing lessons, is denied. No such issue has been remanded to us for further hearing. Robert Ash, Carl F. Bauersfeld, and Einar Viren, for the petitioners. William E. McCormick and Charles P. Dugan, for the respondent. BLACK
Memorandum Opinion BLACK, Judge: Our original Findings of Fact and Opinion in these proceedings was reported in . In the opening paragraph of our opinion we stated: The petitioners are equal partners in the Studio, a partnership *40 which owns and operates five Arthur Murray Dance Studios under franchise agreements with Arthur Murray, Inc. In dispute is the amount of the Studio's gross income. Specifically, the dispute relates to the manner in which the receipts from contracts for dancing lessons are to be reported. Our decision was for the respondent in Docket Nos. 69591, 69592, and 69593. In due season our decision reached the Supreme Court of the United States for decision. Under a writ of certiorari to the United States Court of Appeals for the Eighth Circuit the Supreme Court affirmed us in part and reversed us in part. See . In the concluding paragraph of its opinion the Supreme Court stated as follows: We affirm the Court of Appeals insofar as that court held includible the amounts representing cash receipts, notes received and contract installments due and payable. Because of the Commissioner's concession, we reverse that part of the judgment which included amounts for which services had not yet been performed and which were not due and payable during the respective periods and we remand the case with directions to return the case to the Tax Court for a redetermination *41 of the proper income tax deficiencies now due in light of this opinion. The proceedings have been remanded to us by the United States Court of Appeals for the Eighth Circuit for the purpose of our complying with the opinion of the Supreme Court. Upon receipt of this mandate from the Eighth Circuit, we entered an order on March 26, 1963, which read as follows: Pursuant to the Mandate of the United States Court of Appeals for the Eighth Circuit filed with the Tax Court on March 22, 1963, remanding this cause for further proceedings in accordance with the opinion of the Supreme Court of the United States filed February 18, 1963, it is ORDERED, that the above-entitled proceedings be and the same are hereby placed upon the Washington, D.C. Calendar of April 24, 1963, for entry of decision pursuant to the Mandate, with leave to the parties to submit computations showing the tax involved on or before such date, or otherwise move in respect thereto. In due course the matter came on for hearing before this Court on July 24, 1963. Prior to that time, namely, on April 19, 1963, the petitioners filed a motion with this Court which reads as follows: Comes now the above-named petitioners by their *42 attorney, Robert Ash, and in accordance with the order of this Court of March 26, 1963, moves that the case be set for further hearing to determine: (1) The amount for which services had not yet been performed and which were not due and payable during the respective periods, and (2) to determine the fair market value of the notes received and the contract rights to receive payments. The reasons for this motion are as follows: 1. In the Supreme Court of the United States, the respondent conceded the error of accruing future payments which are neither due as a matter of contract nor matured by performance of related services. The record in the case is not adequate to make the determination of "the amounts for which services had not yet been performed and which were not due and payable during the respective years." Accordingly, in order to comply with the opinion of the Supreme Court, further testimony and evidence must be introduced into the record. 2. The issues in the case as originally framed did not present the question of the fair market value of the notes and the contract right to receive payments because the Commissioner had determined that the entire contract price was includable *43 in income on the date the contracts were executed. Consequently, because of this state of the issues, no testimony was offered as to the value of the notes and contract rights except to show that a substantial number of contracts were cancelled and not paid. Petitioner contends that the record shows that in excess of 20% of the face value of the contracts were cancelled and not paid. The opinion of this Court assumed that 17% of the sales were cancelled. The notes here involved were not ordinary commercial notes. Written across the face of each of the notes in red and in large letters was the following: "Negotiable note given for tuition." This inscription was placed on the notes to comply with Sections 62-303 - 62-305, Revised Statutes of Nebraska, 1943, Reissue of 1958. The character of the notes affected their market value. The Supreme Court's opinion recognized this fact when it stated: "* * * Consequently, the Commissioner was fully justified in including payments in cash or by negotiable note [10] *44 in gross income for the year in which such payments were received. Accordingly, in order to comply with the opinion of the Supreme Court, it is necessary to set the case for hearing to determine the fair market value of the notes and contracts involved. Manifestly, paragraph 1 of petitioners' motion refers to the very heart of the reversal by the Supreme Court. Paragraph 1 of petitioners' motion states in part as follows: The record in the case is not adequate to make the determination of "the amounts for which services had not yet been performed and which were not due and payable during the respective years." Accordingly, in order to comply with the opinion of the Supreme Court, further testimony and evidence must be introduced into the record. It is evident, if that statement in petitioners' motion is correct, then the proceedings will have to be set for future hearing in order to comply with the mandate of the court. But counsel for the petitioners stated on July 24, 1963, at the hearing for entry of decision pursuant to the mandate *45 that - I can advise the Court that it is my understanding that insofar as the first ground of the motion is concerned, the taxpayer's accountants and the government's agents are near enough to agreement that I think they can possibly get to an agreement in connection therewith. Counsel for respondent agreed to the correctness of petitioners' counsel's statement and that the parties could work out an agreement on that point. Therefore, it seems clear enough that it will not be necessary to set these proceedings for further hearing to receive evidence and testimony in order to comply with that part of the Supreme Court's decision which remanded the case to us to determine the "amounts for which services had not yet been performed and which were not due and payable during the respective periods" under the contracts. Will it be necessary, in order to comply with the mandate of the court, to set the case down for further hearing in order to allow petitioners to amend their petitions so as to raise the issue as to the fair market value of the promissory notes and to hear evidence with reference thereto? This is asked by paragraph 2 of petitioners' said motion. If a Tax Court decision has *46 been reversed and remanded with directions on a specific basis, action may only be taken by the Tax Court in conformity with the opinion and decree of the Appellate Court, (C.A. 5, 1947). There is a disagreement between the parties as to what the Supreme Court said in its opinion. It is petitioners' position that the Supreme Court's reference to the fact that "negotiable notes are regarded as the equivalent of cash receipts, to the extent of their fair market value, for the purposes of recognition of income" in footnote 10, requires the Tax Court on remand to accept evidence of the fair market value of petitioners' negotiable notes. Respondent had included the negotiable notes in income at their face value and no error was assigned in the original petitions contesting this treatment. The proceedings were submitted to us on other grounds. Respondent, in his brief, contends that petitioners' motion for further proceedings to introduce new evidence as to the fair market value of the notes is not well founded for the following reasons: (1) The Supreme Court has expressly affirmed the respondent's treatment with respect to the negotiable notes *47 wherein the Supreme Court held as follows: We affirm the Court of Appeals insofar as that court held includible the amounts representing cash receipts, notes received and contract installments due and payable. Because of the Commissioner's concession, we reverse that part of the judgment which included amounts for which services had not yet been performed and which were not due and payable during the respective periods and we remand the case with directions to return the case to the Tax Court for a redetermination of the proper income tax deficiencies now due in light of this opinion. Respondent, therefore, contends that the only item which the Supreme Court remanded was with respect to the Government's concession as evidenced by the second sentence of the above quotation. (2) That an accrual basis taxpayer accrues a note at its face value and if there is a subsequent default there arises a deduction in that later year. Petitioners, in their brief, seem to be taking a footnote of the opinion out of context and building their case on that footnote. If we accepted petitioners' interpretation of the Supreme Court's footnote 10 to its opinion, we would have to say that an accrual basis *48 taxpayer accrues negotiable notes at fair market value and not face value. This is not the law on this point, ; , affd. (C.A. 5, 1943); ; and (C.A. 5, 1961). The Arthur Murray Studio involved in this case was a partnership using the accrual method of accounting, which fact is stated in our original opinion and we do not understand that fact is disputed. Since it uses the accrual method it would have to include negotiable notes and accounts receivable in income at face value. This is a basic concept of tax law and accrual accounting. The Supreme Court in , holds to that effect. That case was cited by us in Mark E. Schlude, supra. Consequently, we do not believe that the Supreme Court in Schlude intended to overrule this basic principle of accounting and reverse its own Spring City Foundry Co. case. Certainly, they would not overrule this basic principle merely by the inclusion of a footnote. We think a reasonable interpretation of the Supreme *49 Court's decision is that footnote 10 was included merely as illustrative dicta, that even a cash basis taxpayer would have to include negotiable notes in income except that a cash basis taxpayer would include the notes at fair market value whereas (as in the Schlude case) an accrual basis taxpayer would include the notes at face value, which was what the Commissioner did in his determination of the deficiencies in Schlude and that is what the Supreme Court affirmed. Therefore, we think that ground 2 stated in petitioners' motion in paragraph 2 should be and it is hereby denied. As we have heretofore stated, ground 1 stated in paragraph 1 of petitioners' motion is granted. However, at this time we will not fix the time and place for further hearing on this phase of the case. Inasmuch as both parties state that they think they will be able to make an agreement on the matters in paragraph 1 of petitioners' motion, Decisions will be entered under Rule 50. Footnotes
1. The following proceedings are consolidated herewith: Marzalie Schlude, Docket No. 69592; and Mark E. Schlude and Marzalie Schlude, Docket No. 69593.↩
10. "Negotiable notes are regarded as the equivalent of cash receipts, to the extent of their fair market value. for the purposes of recognition of income. § 39.22(a)-4, Reg. 118, 1939 Code; § 1.61-2(d)(4), 1954 Code Regulations; Mertens, Federal Income Taxation (1961), § 11.07. See ."